1  PAUL L. GALE (SBN 065873)
   paul.gale@troutman.com
2  TROUTMAN SANDERS LLP
   5 Park Plaza, Suite 1400
3  Irvine, CA 92614-2545
   Telephone: 949.622.2700
4  Facsimile: 949.622.2739

5  MARCUS S. HARRIS (pro hac vice pending)
   mharris@taft.com
6  KRISTINE KOLKI (pro hac vice pending)
   kkolki@taftlaw.com
7  TAFT STETTINIUS & HOLLISTER LLP
   111 East Wacker Drive, Suite 2800
8  Chicago, IL 60601
   Telephone: 312-840-4320

9  Attorneys for Plaintiff
10 KIRSTEN KJAER WEIS

11              UNITED STATES DISTRICT COURT
12              CENTRAL DISTRICT OF CALIFORNIA
13              WESTERN DIVISION

| | |
|---|---|
| KIRSTEN KJAER WEIS, an individual, <br><br> Plaintiff, <br><br> v. <br><br> SEED BEAUTY, LLC, a California limited liability company; and KKW Beauty, Inc., a California corporation, <br><br> Defendants. | Case No.  2:18-cv-6823 <br><br> **COMPLAINT FOR:** <br><br> **(1) VIOLATION OF THE LANHAM ACT – FEDERAL TRADEMARK INFRINGEMENT;** <br><br> **(2) VIOLATION OF THE LANHAM ACT – FEDERAL UNFAIR COMPETITION;** <br><br> **(3) VIOLATION OF CALIFORNIA'S UNFAIR BUSINESS PRACTICE ACT;** <br><br> **(4) COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION** <br><br> **DEMAND FOR JURY TRIAL** |

36005004

COMPLAINT

Plaintiff Kirsten Kjaer Weis (pronounced Kē-yar Wīs) (referred to herein as "KKW"), by her undersigned attorneys, complains against Defendants Seed Beauty, LLC ("Seed") and KKW Beauty, Inc. ("KKW Beauty"), as follows:

## STATUTORY BASIS AND NATURE OF ACTION

1. This action is for: (1) trademark infringement under the Federal Trademark Act, also known as the Lanham Act (15 U.S.C. §§ 1051-1127); (2) false designation of origin, or false or misleading description or representation of fact under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); (3) unfair competition and deceptive trade practices under the California Unfair Competition Law (Cal. Business & Professions Code §§ 17200, *et seq.*); and (4) California common law trademark infringement and unfair competition.

2. Plaintiff seeks preliminary and permanent injunctive relief and an award of profits and actual damages, among other remedies, for Defendants' unlawful conduct.

## THE PARTIES

3. Plaintiff KKW is a well-known Danish makeup artist with a principal place of business at 82 Nassau Street, #302, New York, New York, 10038. Since at least as early as 2010, KKW has formulated, distributed, and sold a line of all natural, organic, luxury makeup and skin-related products through her licensee, Kjaer Weis, LLC. Plaintiff has become a leader in developing luxury organic beauty products from milled minerals.

4. On information and belief, Defendant Seed Beauty, LLC is a California limited liability company with a registered address at 1451 Vanguard Drive, Oxnard, California 93033.

5. On information and belief, Defendant KKW Beauty, Inc. is a California corporation with a registered address at 21731 Ventura Blvd., Suite 300, Woodland Hills, California 91365.

6. Upon information and belief, Kim Kardashian West is the President of

Defendant KKW Beauty.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) and (b); and supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367(a).

8. Defendants are subject to personal jurisdiction in this judicial district because they are committing one or more of the acts complained of herein within this state and judicial district by targeting, advertising, selling to and/or offering for sale products in connection with the KKW designations to customers in this district and elsewhere. Upon information and belief, Defendants have manufactured, distributed, marketed, promoted, and sold their infringing products to KKW's customers and prospective customers located in this district.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events complained of occurred in this district, Defendants have knowingly committed tortious acts aimed at and causing harm in this state and district, and Defendants are subject to personal jurisdiction herein. Moreover, the damage to Plaintiff KKW and her KW marks has occurred and continues to occur in this judicial district.

## KKW'S HISTORY, PRODUCT LINE AND INTELLECTUAL PROPERTY RIGHTS

10. KKW sells, markets, and distributes her products through high-end retailers like Barneys, Net-A-Porter, Four Seasons, Cosbar, Revolve.com, Violet Grey, and Forty Five Ten, as well as via her website kjaerweis.com. KKW has received a tremendous amount of public recognition and critical acclaim for her makeup artist services, makeup and beauty products. KKW's products have been featured in several well-known publications, including: *Vogue, Elle, W, Women's Wear Daily, People and Michigan Avenue Magazine.*

11. KKW is well-known in the makeup industry by her name Kirsten Kjaer Weis, and her initials. She has worked on numerous high-profile magazine covers and fashion editorials, as well as advertising campaigns and music videos.

12. Since at least as early as September 9, 2010, KKW has continuously used the KW stylized mark (the "KW Stylized Mark") in interstate commerce with cosmetics and beauty products, including in California and this judicial district. KKW owns incontestable United States Trademark Registration No. 4,153,624, issued June 5, 2012, for the KW Stylized Mark (the "'624 Registration"), for cosmetics in International Class 03.

13. A copy of the '624 Registration certificate is attached hereto as **Exhibit A.** The '624 Registration is in full force and effect on the Trademark Principal Register and constitutes conclusive evidence of the validity of the KW Stylized Mark, KKW's ownership of the KW Stylized Mark, and KKW's exclusive right to use the KW Stylized Mark in commerce in connection with the registered goods (15 U.S.C. § 1115(b)).

14. Since at least as early as September 9, 2010, KKW has continuously used the KW KJAER WEIS and design mark (the "KW KJAER WEIS Mark") in interstate commerce with cosmetics and beauty products, including in California and in this judicial district. KKW owns United States Trademark Registration No. 4,311,458, issued April 2, 2013 (the "'458 Registration"), for cosmetics in International Class 03 for the KW KJAER WEIS Mark.

15. A copy of the '458 Registration certificate is attached hereto as **Exhibit B**. The '458 Registration is in full force and effect on the Trademark Principal Register and constitutes prima facie evidence of the validity of the KW KJAER WEIS Mark, KKW's ownership of the KW KJAER WEIS Mark, and KKW's exclusive right to use the KW KJAER WEIS Mark in commerce in connection with the registered goods (15 U.S.C. § 1115(b)).

16. Since at least as early as September 9, 2010, KKW has continuously

used the KW WWW.KJAERWEIS.COM and design mark (the "KW WWW.KJAERWEIS.COM Mark") in interstate commerce with cosmetics and beauty products, including in California and in this judicial district. KKW owns United States Trademark Registration No. 4,359,840, issued July 2, 2013 (the "'840 Registration"), for cosmetics in International Class 03 for the KW WWW.KJAERWEIS.COM Mark.

17. A copy of the '840 Registration certificate is attached hereto as **Exhibit C**. The '840 Registration is in full force and effect on the Trademark Principal Register and constitutes prima facie evidence of the validity of the KW WWW.KJAERWEIS.COM Mark, KKW's ownership of the KW WWW.KJAERWEIS.COM Mark, and KKW's exclusive right to use the KW WWW.KJAERWEIS.COM Mark in commerce in connection with the registered goods (15 U.S.C. § 1115(b)).

18. Since at least as early as September 9, 2010, KKW has continuously used the COPENHAGEN·MILANO·NEW YORK·VENICE KJAER WEIS EYE SHADOW FARD À PAUPIÈRES REFILL RECHARGE KW and design mark (the "KW EYE SHADOW Mark") in interstate commerce with cosmetics, including in California and in this judicial district. KKW owns United States Trademark Registration No. 4,348,746, issued June 11, 2013 (the "'746 Registration"), for the KW EYE SHADOW Mark.

19. A copy of the '746 Registration certificate is attached hereto as **Exhibit D**. The '746 Registration is in full force and effect on the Trademark Principal Register and constitutes prima facie evidence of the validity of the KW EYE SHADOW Mark, KKW's ownership of the KW EYE SHADOW Mark, and KKW's exclusive right to use the KW EYE SHADOW Mark in commerce in connection with the registered goods (15 U.S.C. § 1115(b)).

20. KKW's above identified marks are collectively referred to herein as the "KW Marks."

21. All KKW products are branded with her KW Marks. *See* August 2, 2018 screen captures of KKW's Instagram page, attached hereto as **Exhibit E**.

## DEFENDANTS' MARKET ACTIVITIES AND MISUSE OF KKW'S INTELLECTUAL PROPERTY

22. Defendants are engaged in the manufacture, distribution, marketing, promotion, and sale of cosmetics and beauty products. On information and belief, Defendants Seed and KKW Beauty sell infringing products through (or distribute infringing products to) their own retail outlets in shopping malls, and sell infringing products online via KKWBeauty.com throughout the United States, including in this judicial district. *See, e.g.*, August 2, 2018 website screen captures, attached hereto as **Exhibit F**. *See also* August 1, 2018 screen captures of KKWBeauty.com, attached hereto as **Exhibit G**.

23. Defendants are a direct competitor of KKW. *See, e.g.*, July 17, 2017 screen capture of consumer's Instagram, and August 2, 2018 screen capture of magazine review attached hereto as **Exhibit H**.

24. Defendants are infringing Plaintiff KKW's federal registrations for the KW Marks, which have become exclusively associated with Plaintiff after years of use and promotion by Plaintiff, through Defendants' use of the KKW designation for cosmetic and beauty products that compete directly with KKW's KW products. *See, e.g.*, August 2, 2018 screen captures of KKW Beauty's Instagram page, attached hereto as **Exhibit I**.

25. Despite KKW's attempts to resolve this matter, Defendants launched the KKW cosmetic and beauty line on June 21, 2017 using the KKW and KKW Beauty designations to market KKW Beauty's products.

26. Defendants' product launch was extensively covered in the media including by *People Magazine, USA Today, Elle, Cosmopolitan, US Magazine, Vogue, Instyle, LA Times, Time Magazine, Forbes, Fortune*, *Bravo TV* and others. *See, e.g.,* June 21, 2017 Forbes article, attached hereto as **Exhibit J** (highlights

added). As reported in the media, Defendants' KKW product launch sold out in less than three hours generating many millions of dollars in revenue. *Id*.

27. On information and belief, Defendants transact business in this district by manufacturing, distributing, marketing, promoting, and offering to sell and selling products, including products bearing the KKW designation, to California customers and have conducted numerous sales to California consumers of such products in this judicial district.

28. Defendants' conduct complained of herein infringes KKW's federally registered KW Marks, and is likely to cause confusion, mistake or deception as to the source of KKW's goods or as to an affiliation, connection, or association between KKW and the Defendants, or concerning the origin, sponsorship, or approval of Defendants' goods and services by KKW, to KKW's detriment and the unjust enrichment of Defendants.

## BACKGROUND OF THE DISPUTE

### A. Plaintiff's Business and Marks

29. Since at least as early as 2010, KKW has formulated, sold and promoted a wide variety of cosmetics, makeup, and skin care products including, but not limited to, lipsticks, bronzers, foundations, mascaras, eye shadows, and scented oils through retail outlets and her website, kjaerweis.com. All of KKW's products bear her KW Marks.

30. Since 2009, KKW has expended considerable time, resources and effort in developing and promoting her KW Marks in California and throughout the United States. KKW has become a leader in developing luxury organic beauty products free of chemicals and synthetics. She has received a tremendous amount of public recognition and critical acclaim both in the United States and internationally for the products sold under the KW Marks. KKW's KW Marks have been featured in a number of well-known publications, including: *Allure, Vogue, Elle, Glamour, Brides, Marie Claire, W, Women's Wear Daily, Nylon,*

*People, The Oprah Magazine, Michigan Avenue Magazine, The New York Times, Harper's Bazaar, Tank, AnOther Magazine*, and *Elle*. *See, e.g.*, January 31, 2017 Forbes article, attached as **Exhibit K**.

31. In 2014, *Allure Magazine* picked KKW's KW Highlighter as a "Best of Beauty 2014 Winner." *Allure* featured KKW's KW KJAER WEIS Mark alongside products from Giorgio Armani, Christian Dior, Tom Ford, Shiseido and Oribe. In 2015, *Nylon Magazine* picked KKW's KW Highlighter as a "Beauty Hit List Winner." In 2017, *Glamour Magazine* picked KKW's lipstick as "The Best Lip Color." *See, e.g.*, excerpts from magazine websites, attached as **Exhibit L**.

32. KKW's KW products are available at retail outlets including, but not limited to: Barneys, Net-A-Porter, Four Seasons, Cosbar, Revolve.com, Violet Grey, and Forty Five Ten.

33. Through KKW's widespread and continuous use of her KW Marks, the KW Marks have acquired extensive goodwill, and have become well known and recognized by the public and the trade as identifying goods that originate from Plaintiff. As a result, KKW has developed significant goodwill, intellectual property rights, and asset value in the KW Marks and her name.

**B.  Defendants' Business**

34. Kim Kardashian West is known internationally as an American reality television personality, socialite, and businesswoman. After her marriage to Kanye West in 2014, she began promoting herself as Kim Kardashian West on her website and other social media platforms. *See* July 10, 2017 screen capture of www.kimkardashianwest.com, attached hereto as **Exhibit M**.

35. Due to the enormous fame and celebrity of Ms. Kardashian West, there is a likelihood that consumers will mistakenly believe that KKW, despite being the senior trademark user, is affiliated with, sponsored, or approved by Ms. Kardashian West of KKW Beauty, or Seed Beauty.

36. Defendants' use of designations confusingly similar to the KW Marks

with cosmetics and beauty products is likely to harm the value of KKW's KW Marks and prevent Plaintiff from controlling the reputation and goodwill KKW has established in the KW Marks.

37. The unlawful actions of Defendants are impacting and will continue to impact the goodwill and reputation enjoyed by KKW under her KW Marks unless Defendants are enjoined from using the KKW designation and any other marks containing the initials KKW.

**C. <u>Defendants' Business and Unlawful Actions</u>**

38. Defendants manufacture, distribute, market and sell cosmetics, beauty products and fragrances under their KKW designation. *See* screenshot of KKW Beauty Instagram attached hereto as **Exhibit I** and screenshot of KKW Beauty retail outlet attached hereto as **Exhibit E**.

39. Despite KKW's attempts to resolve this matter without filing a lawsuit, Defendants launched their cosmetic and beauty line on June 21, 2017, using the designations "KKW" and "KKW BEAUTY."

40. Defendants distribute, offer and market their KKW products in the same channels of trade as those in which KKW's goods are offered. In particular, Defendants are selling the KKW products via social media and via the KKWbeauty.com website in direct competition with KKW.

41. Defendants' KKW products are the same or similar to the goods covered in the '624, '458, '840 and '746 Registrations, in that the recited goods and Defendants' products are both cosmetic and beauty products, and are marketed, promoted, advertised, and sold in a similar manner to the same consumers.

42. To date, Defendants continue to use the KKW designations in commerce in connection with cosmetic and beauty products, without KKW's authorization and in contravention of KKW's prior rights in the KW Marks for the same or highly related products, all to Defendants' benefit and to KKW's detriment.

43. On June 5, 2017, KKW informed Kim Kardashian West by letter of KKW's prior rights in her KW Marks and demanded that Kim Kardashian West cease use of KKW and not use any other name likely to cause confusion with KKW's KW Marks. *See* June 5, 2017 letter, attached hereto as **Exhibit N**. Instead of complying with KKW's demands, Ms. West rejected them, and continues to this day to reject them.

44. The confusing similarity between Defendants' KKW designations and KKW's KW Marks is likely to cause confusion with regard to the source of KKW's goods.

## FIRST CLAIM FOR RELIEF

**Injunctive and Equitable Relief for Federal Trademark Infringement in Violation of the Lanham Act**

**(15 U.S.C. § 1114(1)(a))**

45. KKW realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

46. This claim is based on infringement of one or more trademarks registered under the trademark laws of the United States and, more particularly, under 15 U.S.C. § 1051 *et seq*.

47. Long after KKW's first use of her name, initials, and the KW Marks, Defendants began using the KKW designation and KKW BEAUTY designation in commerce to identify their goods and manufacture, distribute, market, and advertise KKW cosmetic and beauty products.

48. Defendants' unauthorized use of the designations KKW and KKW BEAUTY is likely to cause confusion, mistake or deception as to the source, affiliation, connection or association of Defendants' goods with KKW, or as to the sponsorship, approval or affiliation of Defendants by or with KKW, in violation of 15 U.S.C. § 1114.

49. Defendants adopted and used the KKW and KKW BEAUTY

designations with either actual and constructive notice or knowledge (pursuant to 15 U.S.C. § 1072) of KKW's KW Marks, and KKW's exclusive rights therein.

50. Defendant KKW Beauty and its principal Kim Kardashian West have refused to cease using the KKW and KKW BEAUTY designations despite KKW's requests that it do so. Defendants' actions therefore constitute knowing, deliberate, and willful infringement of KKW's KW Marks and make this an exceptional case under 15 U.S.C. § 1117(a).

51. As a result of Defendants' knowing, deliberate, and willful infringement of KKW's KW Marks, KKW has been, is now, and will continue to be damaged and irreparably harmed. Thus, KKW has no adequate remedy at law.

52. Defendants will continue such infringement unless enjoined by this Court.

## SECOND CLAIM FOR RELIEF

**Injunctive and Equitable Relief for Federal Unfair Competition in Violation of the Lanham Act**

**(15 U.S.C. § 1125(a)(1)(A))**

53. KKW realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

54. This claim is based on false designation of origin and false description or representation in violation of 15 U.S.C. § 1125(a)(1)(A).

55. KKW has used and is currently using her KW Marks, name and her initials to identify her goods and services and to distinguish them from the goods and services of others.

56. KKW is well-known in the makeup industry by her name Kirsten Kjaer Weis, her KW Marks, and her initials KKW.

57. KKW is an in-demand makeup artist. She has worked on magazine covers and fashion editorials for the likes of *Elle*, *Lucky*, *Marie Claire* and *Vogue*. She has also worked on high-profile advertising campaigns and music videos.

58. Long after KKW's first use of her name, initials, and the KW Marks, Defendants began marketing, manufacturing, selling and distributing products bearing the KKW designation and using the KKW designation and KKW BEAUTY designation in commerce to identify Defendants' goods and advertise, market, and promote the KKW products. Those unlawful acts of Defendants are likely to confuse, cause mistake, or deceive consumers that KKW Beauty's goods are authorized by, sponsored by or affiliated with KKW, all in violation of 15 U.S.C. § 1125(a).

59. Defendants had direct and full knowledge of KKW's prior use of her name, initials, and rights in her KW Marks before the acts complained of herein. Defendants' violation of 15 U.S.C. § 1125(a) is knowing, intentional, willful and deliberate. The knowing, intentional, willful and deliberate nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

60. As a result of Defendants' willful and unlawful acts, KKW has been, is now, and will continue to be damaged and irreparably harmed. Thus, KKW has no adequate remedy at law.

61. Defendants will continue such unlawful acts unless enjoined by this Court.

### THIRD CLAIM FOR RELIEF

**Injunctive and Equitable Relief for Violations of the California Unfair Competition Law**

**(Cal. Business & Professions Code §§ 17200, *et seq.*)**

62. KKW realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

63. The California Unfair Competition Law, Cal. Business & Professions Code §§ 17200, *et seq.* ("UCL"), prohibits any "unlawful," "unfair," or "fraudulent" business act or practice and any false or misleading advertising. This claim is based on Defendants' violations of the UCL.

64. KKW has used and is currently using her KW Marks, name, and initials to identify her goods and services and to distinguish them from the goods and services of others.

65. KKW is well known in the makeup industry by her name Kirsten Kjaer Weis, her KW Marks, and her initials KKW.

66. She has worked on magazine covers and fashion editorials for the likes of *Elle, Lucky, Marie Claire* and *Vogue*. She has also worked on high-profile advertising campaigns and music videos.

67. Long after KKW's first use of her name, initials and the KW Marks, Defendants began marketing, manufacturing, selling and distributing products bearing the KKW designation and began using the KKW designation and KKW BEAUTY designation in commerce to identify their goods and advertise the KKW products.

68. In the course of conducting their business, Defendants, with full knowledge of KKW's superior rights and prior use of her name, KW Marks, and initials, committed "unlawful" business practices by, *inter alia*, willfully adopting and using the KKW designations, in connection with their cosmetic and beauty products in California, with full knowledge of KKW's prior use and rights in her name, KW Marks, and initials, making Defendants' representations (which also constitute advertising within the meaning of § 17200) and omissions of material facts, as set forth more fully herein, false and misleading. Such conduct violates the Lanham Act, 15 U.S.C. §§ 1050-1127.

69. Defendants' actions also constitute "unfair" business acts or practices because, as alleged above, *inter alia*, Defendants engage in deceptive and false advertising, and misrepresent and omit material facts regarding the KKW products, and thereby offends an established public policy, and engages in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers. This conduct constitutes violations of the unfair prong of Business &

1  Professions Code §§ 17200, *et seq.*

2  70.  Business & Professions Code §§ 17200, *et seq.*, also prohibits any
3  "fraudulent business act or practice."

4  71.  Defendants' actions, claims, nondisclosures, and misleading
5  statements, as alleged herein, as well as their willful use of marks confusingly
6  similar to KKW's KW Marks, and initials, also constitute "fraudulent" business
7  practices in violation of the UCL because, among other things, they are false,
8  misleading, and/or likely to deceive reasonable consumers as to the source,
9  sponsorship or approval of KKW's goods as to whether Defendants are affiliated,
10 connected or associated with KKW, all in violation of the UCL.

11  72.  There were reasonably available alternatives to further Defendants'
12 legitimate business interests, other than the conduct described herein.  Therefore,
13 Defendants' conduct was of little utility compared to the harm it caused KKW.

14  73.  As a result of Defendants' pervasive false marketing and advertising,
15 including deceptive and misleading acts and omissions as detailed herein, KKW has
16 in fact been harmed as described above.

17  74.  As a result of Defendants' unlawful, unfair and fraudulent practices,
18 KKW has suffered injury in fact and lost money.

19  75.  As a result of their deceptions, Defendants' have been able to reap
20 unjust revenue and profit in violation of the UCL, since KKW's customers have
21 purchased goods from Defendants, believing them to be KKW's goods based on the
22 KKW mark and owned by KKW.

23  76.  Unless restrained and enjoined, Defendants will continue to engage in
24 the above-described conduct and cause damage and injury to the business
25 reputation and confusion as to the source of Defendants' goods, all to KKW's and
26 the public's irreparable harm, for which KKW has no adequate remedy at law.
27 Accordingly, injunctive relief is appropriate in this case.

28  77.  As a result of Defendants' conduct in violation of the UCL, KKW has

been injured as alleged herein in amounts to be proven at trial.

78. As a result, KKW seeks restitution and disgorgement of all money obtained or collected by Defendants as a result of Defendants' unlawful, unfair, and/or fraudulent conduct, and seeks injunctive relief, and all other relief this Court deems appropriate, consistent with Business & Professions Code § 17203.

## FOURTH CLAIM FOR RELIEF

### Common Law Trademark Infringement and Unfair Competition

79. KKW realleges and incorporates each and every allegation in the paragraphs above as if they were fully set forth herein.

80. This claim is based on California common law trademark infringement and unfair competition.

81. KKW owns and has used her KW Marks in connection with her products since at least as early as 2010. Because of KKW's longstanding and extensive use of the KW Marks, the KW Marks have become uniquely associated with KKW and they identify KKW's goods. KKW's KW Marks are valid trademarks under California state common law.

82. Defendants' acts constitute willful trademark infringement under California common law. In California, Defendants have used the KKW BEAUTY and KKW designations which are confusingly similar to KKW's KW Marks.

83. Defendants' unauthorized and infringing use in commerce of KKW's KW Marks on similar products to those sold by KKW constitutes willful unfair competition with KKW under the common law, in that Defendants' use of KKW on the KKW Beauty products, which have experienced popularity in the market due at least in part to the fame and celebrity of Ms. Kardashian West, will cause consumers to believe that KKW and Defendants are connected or otherwise affiliated when they are not and is likely to cause confusion, mistake or deception, and result in Defendants' unjust enrichment.

84. Unless enjoined by this Court, Defendants will continue to cause

irreparable harm to KKW and the public, for which KKW has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for an order and judgment:

A.    That the Defendants have infringed U.S. Trademark Registration No. 4,153,624;

B.    That the Defendants have infringed U.S. Trademark Registration No. 4,359,840;

C.    That the Defendants have infringed U.S. Trademark Registration No. 4,348,746;

D.    That the Defendants have infringed U.S. Trademark Registration No. 4,311,458;

E.    That the Defendants are liable, both jointly and severally, for unfair competition relative to each of Plaintiff's KW Marks and Plaintiff's name and initials;

F.    That Defendants' actions constitute unfair competition and deceptive business practices in violation of the California Unfair Competition Law;

G.    That Defendants' actions constitute trademark infringement and unfair competition under the California common law;

H.    Preliminarily and permanently restraining and enjoining the Defendants, their directors, officers, agents, servants, attorneys, employees, parent, subsidiaries, affiliates, related companies, successors and assigns, and all other persons or entities in active concert and/or participation with them who receive notice, from any further infringement of the KW Marks, including:

    (1)    reproducing, copying, counterfeiting, colorably imitating or otherwise using in any way in connection with Defendants' business without the consent of Plaintiff, "KW" or "KKW" exclusively or as a

portion of any trade name, trademark, service mark or domain name, alone or in combination with any other words, symbols or marks on products similar to those used by Plaintiff with her KW Marks;

(2) using in any way in connection with Defendants' business any other mark, designation or term so similar to Plaintiff's KW Mark, as to be likely to cause confusion, or to cause mistake, or to deceive;

(3) otherwise infringing Plaintiff's KW Marks;

(4) injuring Plaintiff's business reputation and the goodwill associated with Plaintiff's KW Marks, and from otherwise unfairly competing, directly or indirectly, with Plaintiff; and

(5) causing a likelihood of confusion or misunderstanding as to source, sponsorship, association, affiliation, approval or certification with or by Plaintiff, or engaging in conduct tending to create a false commercial impression of Plaintiff's products or services or any other conduct that tends to pass off Defendants' products or services as those of Plaintiff or creates a likelihood of confusion, misunderstanding, or false representation;

I. Ordering Defendants, both jointly and severally, to account for and pay to Plaintiff her actual damages by reason of Defendants' infringement, unfair competition, and to account for and pay over to Plaintiff all gains, profits and advantages derived by Defendants from their infringement, unfair competition, and other unlawful acts, and such other damages as appear proper to the Court;

J. Ordering Defendants, each and all of them, to deliver up for destruction or show proof of such destruction, pursuant to 15 U.S.C. § 1118, all signs, prints, displays, advertisements, packaging, publications, literature, sales aids, promotional items, computer files (including but not limited to any text and/or images that are hosted on Defendant's website(s) or social media sites, or on any of Defendant's computers or hard drives or other storage media) or any other materials in its possession or control or in the possession or control of its

1 agents, that bear the designation KKW, or KKW BEAUTY, alone or in
2 combination with other words or terms or any mark or term confusingly similar
3 to plaintiff's KW Marks, including all means of making the same;

4       K.    Granting Plaintiff a judgment for restitution, disgorgement,
5 injunctive relief, and all other relief this Court deems appropriate, consistent with
6 Business & Professions Code § 17203;

7       L.    Granting Plaintiff a judgment for punitive damages in an amount to
8 be determined;

9       M.    Ordering Defendants, each and all of them, to file in court and to
10 serve upon Plaintiff's counsel, within thirty days after entry of the above
11 injunction, a report in writing, under oath, setting forth in detail the manner and
12 form in which the Defendants have complied with this injunction;

13       N.    Finding Defendants to have willfully infringed the KW Marks and
14 awarding Plaintiff enhanced damages of three times its compensatory damages
15 for Defendant's willful infringement;

16       O.    Awarding Plaintiff pre-judgment and post-judgment interest;

17       P.    Finding this to be an "exceptional case" within the meaning of 15
18 U.S.C. § 1117 and awarding reasonable attorneys' fees to Plaintiff;

19       Q.    Awarding costs to Plaintiff; and

20       R.    Granting Plaintiff such other and further relief as may be proper
21 under the circumstances.

Dated: August 8, 2018

TAFT STETTINIUS & HOLLISTER LLP
Marcus S. Harris
Kristine Kolki

TROUTMAN SANDERS LLP
Paul L. Gale

By: /s/ Paul L. Gale
    Paul L. Gale
Attorneys for Plaintiff
KIRSTEN KJAER WEIS

36005004

- 17 -

COMPLAINT

## **DEMAND FOR JURY TRIAL**

In accordance with Fed. R. Civ. P. 38, Plaintiff demands a trial by jury on all issues so triable.

Dated: August 8, 2018

TAFT STETTINIUS & HOLLISTER LLP
Marcus S. Harris
Kristine Kolki

TROUTMAN SANDERS LLP
Paul L. Gale

By: /s/ Paul L. Gale
    Paul L. Gale

Attorneys for Plaintiff
KIRSTEN KJAER WEIS